**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

| | |
|---|---|
| VAN J. WATLER, an individual, and PATRICK, WATLER, an individual<br><br>Plaintiff,<br><br>vs.<br><br>JERMAINE DUPRI MAULDIN, an individual; RODRIGUEZ JACQUEES BROADNAX, an individual; MASS APPEAL MEDIA, INC., and DOES 1 through 20, inclusive,<br><br>Defendants. | Case No.:<br><br>COMPLAINT FOR<br><br>1. COPYRIGHT INFRINGEMENT<br>2. UNJUST ENRICHMENT<br><br>**DEMAND FOR JURY TRIAL** |

## COMPLAINT

NOW COMES Plaintiffs, VAN J. WATLER and PATRICK WATLER (collectively, "Home Team" or "PLAINTIFFS"), by and through their undersigned counsel, and hereby file this Complaint and Demand for Jury Trial against Defendants, JERMAINE DUPRI MAULDIN ("Mauldin" or "Dupri"), RODRIGUEZ JACQUEES BROADNAX ("Broadnax" or "Jacquees" MASS APPEAL MEDIA, INC ("Mass Appeal"); and DOES 1 through 20, inclusive ("DOES") (collectively, the "DEFENDANTS"), and state as follows:

## INTRODUCTION

1. This is a suit based upon violation of the United States Copyright Act (the "Act"). Plaintiffs have specifically plead counts of: Copyright Infringement and/or additionally, or in the alternative, a claim for Unjust Enrichment. Plaintiffs, however, may move to amend these counts should additional counts and/or claims against the DEFENDANTS be discovered.

2. Plaintiffs are seeking damages in an amount to be proved at trial in excess of One Hundred Fifty Thousand dollars ($150,000.00), including an award of, costs, and attorney's fees.

**THE PARTIES, JURISDICTION, AND VENUE**

3. Plaintiff Van J. Watler is an individual, and one half of the musical performing duo "Home Team". At all relevant times mentioned herein Van J. Watler was a citizen of the State of Florida. On or around July 3, 1992, Home Team commercially released a musical composition and sound recording that was co-authored and composed by the Plaintiffs entitled "Pick It Up" (the "Original Song"), which was written, recorded and performed by Van J. Watler.

4. Plaintiff Patrick Watler is an individual, and one half of the musical performing duo "Home Team". At all relevant times mentioned herein Patrick Watler was a citizen of the State of Florida. On or around July 3, 1992, Home Team commercially released a musical composition and sound recording that was co-authored and composed by the Plaintiffs entitled "Pick It Up" (the "Original Song"), which was written, recorded and performed by Patrick Watler.

5. Defendant Dupri is an individual, who is professionally known as "Jermaine Dupri", and he is a multi-hyphenate performer, producer and recording artist. At all relevant times mentioned herein Dupri was a citizen of the State of Georgia. At all times material hereto, Dupri performed and promoted his music, across the country, including in the State of Florida, including the song "Pick it Up" (the "Song" or the "Infringing Work")

6. Defendant Jacquees is an individual, who is professionally known as "Jacquees", and he is a singer/songwriter and recording artist. At all relevant times mentioned herein Jacquees was a citizen of the State of Georgia. At all times material hereto, Jacquees performed and promoted his music, across the country, including in the State of Florida, including the Song.

7. Defendant Mass Appeal is a New York corporation with its principal place of business in New York City. At all relevant times mentioned herein, Mass Appeal owned, controlled and

operated Mass Appeal Records, an independent music record label. At all times material hereto conducted business in the State of Florida, and on information and belief, still conducts business in the State of Florida, by promoting, selling and distributing its artists and their music including the Song.

8. The full extent of the facts linking the fictitiously designated Defendants with the cause(s) of actions herein is unknown to PLAINTIFFS. Further the true names and capacities, whether individual, corporate, associate, plural or partnership, or otherwise, of Defendants, DOES 1 through 20, inclusive, are unknown to PLAINTIFFS. PLAINTIFFS therefore sue Defendants by such fictitious names. PLAINTIFFS are informed and believes, and thereupon alleges, that each of the Defendants designated herein as a DOE is negligently, wantonly, recklessly, tortuously, intentionally and/or unlawfully responsible in some manner for the events and happenings hereinafter referred to, and negligently, wantonly, recklessly, tortuously, intentionally and/or unlawfully, proximately caused injuries and damages to PLAINTIFS, as hereinafter alleged. PLAINTIFFS will ask leave of this Court to amend this Complaint to show said Defendants' names and capacities once the same have been ascertained.

9. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1338(a) because it arises under an Act of Congress, the United States Copyright Act.

10. Venue is proper in this District pursuant to § 1391, in that a substantial part of the events or omissions giving rise to these claims occurred in this District, and each Defendant conducts business, or conducted business at all relevant times herein in Miami-Dade County, Florida.

## GENERAL ALLEGATIONS

11. Van J. Watler is the co-author and composer of the Original Song, which was registered with the United States Copyright Office (the "Copyright Office").

12. Patrick Watler is the co-author and composer of the Original Song, which was registered with the Copyright Office.

13. The Original Song was originally released on or around July 3, 1992.

14. The lyrics and music of the Original Song were registered with the Copyright Office.

15. The lyrics and melody/harmony that Home Team wrote for the Original Song's composition were original and contained protectable elements.

16. On or around September 22, 2023, Dupri and Jacquees released the Song through Mass Appeal, who distributed and promoted the Song, and on information and belief maintains an ownership interest in the Song.

17. Dupri and Jacquees contend that they are the authors of the Song, whose lyrics and melody/harmony infringe on the copyright of the Original Song.

18. The DEFENDANTS have copyrighted, used or benefited from the protectable elements of the Original Song in violation of Plaintiffs' rights under the Act, and they have used the lyrics and melody/harmony from the Original Song in the Song for their own benefit.

19. Dupri, Jacquees, and Mass Appeal all claim an interest in the exploitation of the Song.

20. Dupri, Jacquees, and Mass Appeal all knew or should have known that the Song contained the lyrics and the melody/harmony from the Original Song.

21. The DEFENDANTS, while working in conjunction with each other, have obtained, on information and belief, hundreds of thousands of dollars associated with the Song from their exploitation, sale, downloads, licensing, radio airplay, synchronization and digital streaming in violation of Plaintiffs' rights.

22. Due to the use of the protectable lyrics and melody/harmony, the Original Song and the Song are substantially similar.

23. At no time did the Defendants ever attempt to contact Plaintiffs to get their clearance or permission to license the use of the protectable lyrics and melody/harmony from the Original Song.

24. The DEFENDANTS' use of the protected elements of the Original Song composition continues and therefore it remains unauthorized.

**COUNT I**
**COPYRIGHT INFRINGEMENT**
(by PLAINTIFF against DUPRI)

25. Plaintiff hereby repeats, realleges and incorporates by reference each and every allegation contained hereinabove and incorporates the same herein as though fully set forth herein.

26. PLAINTIFFS are the authors of the Original Song which is registered with the Copyright Office.

27. Durpi is a composer of the Song.

28. Dupri unlawfully used the protectable elements of the musical composition of the Original Song in the Song and never sought Plaintiffs approval or permission to use the musical composition.

29. The protectable elements of the Original Song are substantially similar to the Song, and therefore the Song infringes on the musical composition of the Original Song in violation of Plaintiff's rights.

30. Dupri, with assistance from Jacquees, Mass Appeal, and DOES marketed, licensed and/or benefitted from the exploitation of the Song in violation of Plaintiffs' rights.

31. The Song infringes on the musical composition of the Original Song in violation of Plaintiffs' rights.

32. Defendant Dupri claims an ownership interest in the composition for the Song which contains the protectable elements of the composition the Original Song.

33. Dupri, while working in conjunction with Jacquees, Mass Appeal, and DOES, provided the Song to other third parties such as YouTube, iTunes, Spotify and others.

34. Dupri has collected music publishing royalties from various entities in violation of Plaintiffs' rights.

35. Dupri has harmed Plaintiffs in their business and he has failed to compensate Plaintiffs in anyway whatsoever for his unauthorized use of the Original Song.

36. As a direct and proximate result of Dupri's willful copyright infringement, Plaintiff have suffered and will continue to suffer, monetary loss and a lack of proper credit.

37. Plaintiffs are entitled to recover from Dupri, in an amount to be determined at trial, the damages they have sustained and will sustain, including but not limited to, any gains, profits and advantages obtained by Dupri as a result of his infringing conduct and his use and release of the protectable elements of the Original Song.

38. Plaintiffs are also entitled to recover statutory damages for Dupri's willful infringement of their copyrights under the Act.

## COUNT II
## COPYRIGHT INFRINGEMENT
(by PLAINTIFF against JACQUEES)

39. Plaintiff hereby repeats, realleges and incorporates by reference each and every allegation contained hereinabove and incorporates the same herein as though fully set forth herein.

40. PLAINTIFFS are the authors of the Original Song which is registered with the Copyright Office.

41. Jacquees is a composer of the Song.

42. Jacquees unlawfully used the protectable elements of the musical composition of the Original Song in the Song and never sought Plaintiffs approval or permission to use the musical composition.

43. The protectable elements of the Original Song are substantially similar to the Song, and therefore the Song infringes on the musical composition of the Original Song in violation of Plaintiffs' rights.

44. Jacquees, with assistance from Dupri, Mass Appeal, and DOES marketed, licensed and/or benefitted from the exploitation of the Song in violation of Plaintiffs' rights.

45. The Song infringes on the musical composition of the Original Song in violation of Plaintiffs' rights.

46. Defendant Jacquees claims an ownership interest in the composition for the Song which contains the protectable elements of the composition the Original Song.

47. Jacquees, while working in conjunction with Dupri, Mass Appeal, and DOES, provided the Song to other third parties such as YouTube, iTunes, Spotify and others.

48. Jacquees has collected music publishing royalties from various entities in violation of Plaintiffs' rights.

49. Jacquees has harmed Plaintiffs in their business and he has failed to compensate Plaintiffs in anyway whatsoever for his unauthorized use of the Original Song.

50. As a direct and proximate result of Jacquees' willful copyright infringement, Plaintiffs have suffered and will continue to suffer, monetary loss and a lack of proper credit.

51. Plaintiffs are entitled to recover from Jacquees, in an amount to be determined at trial, the damages they have sustained and will sustain, including but not limited to, any gains, profits and

advantages obtained by Jacquees as a result of his infringing conduct and his use and release of the protectable elements of the Original Song.

52. Plaintiffs are also entitled to recover statutory damages for Jacquees' willful infringement of their copyrights under the Act.

**COUNT III**
**COPYRIGHT INFRINGEMENT**
(by PLAINTIFF against MASS APPEAL)

53. Plaintiff hereby repeats, realleges and incorporates by reference each and every allegation contained hereinabove and incorporates the same herein as though fully set forth herein.

54. Plaintiffs are the co-authors of the Original Song which is registered with the Copyright Office.

55. Mass Appeal received an interest in the Song through its relationship with Dupri and Jacquees.

56. Mass Appeal, Dupri and Jacquees have unlawfully used the protectable elements of the musical composition of the Original Song and never sought Plaintiffs' approval or permission to use the musical composition.

57. Mass Appeal with the assistance of Dupri and Jacquees has infringed on Plaintiffs' rights under the Act.

58. The Original Song is substantially similar to the Song.

59. Mass Appeal with assistance from Dupri and Jacquees marketed, licensed and/or benefited from the exploitation of the Song in violation of Plaintiffs' rights.

60. The Song infringes on the musical composition of the Original Song in violation of Plaintiffs' rights.

61. Upon information and belief, Mass Appeal has licensed or benefitted from the licensing of the Song to third parties and the radio play, streaming and synchronization of the Song and they have collected funds in violation of Plaintiffs' rights.

62. Upon information and belief, Mass Appeal has received money for the infringing composition and has paid or caused other corporate entities to pay Dupri and Jacquees monies associated with the composition for the Song.

63. Mass Appeal, with the assistance of Dupri and Jacquees, has violated Plaintiffs' rights to control, sell, market, and distribute the Original Song and derivative works of the Original Song and it has committed copyright infringement.

64. Plaintiffs seek (1) to enjoin the activity of Mass Appeal; (2) an award of actual or statutory damages per sale; (3) attorney's fees relating to Mass Appeals' actions; and (4) an injunction prohibiting the sale of the infringing composition.

**COUNT IV**
**UNJUST ENRICHMENT**
(by PLAINTIFFS against the DEFENDANTS)

65. Plaintiffs hereby repeat, reallege and incorporate by reference Paragraphs 1 through 24, hereinabove and incorporates the same herein as though fully set forth herein.

66. On or about September 22, 2023, the DEFENDANTS released the Song, which embodied protectable elements from the Original Song in violation of Plaintiffs' rights under the Act.

67. Through the DEFENDANTS' use of the protectable elements of the Original Song, Plaintiffs have conferred a benefit upon them.

68. The DEFENDANTS were, and are aware of, and had knowledge of the benefits that they received from Plaintiffs when they released the Song.

69. The DEFENDANTS intended to receive, and ultimately did/have received financial gain

and compensation through the release of the Song, and through sales and streams of the Song.

70. Notwithstanding the financial gain and compensation that the DEFENDANTS received through their infringing use of the Original Song, Plaintiffs have not received any financial gain or compensation through the commercial release of the Song whatsoever, and they have not been properly credited for their contributions to the Song.

71. The circumstances are such that it would be inequitable for the DEFENDANTS to retain the benefits that were conferred upon them by Plaintiffs, without providing any benefit to Plaintiffs.

**WHEREFORE**, for the reasons set forth herein, Plaintiffs respectfully requests that this Court award damages in their favor and against Defendants and each of them as follows:

a. For general damages to be proven at trial in an amount in excess of One Hundred Fifty Thousand ($150,000.00) dollars;

b. For special damages to be proven at trial in an amount in excess of One Hundred Fifty Thousand ($150,000.00) dollars;

c. For an injunction, declaration, or other mandate that provides for Plaintiffs to be properly credited as “writers” on the Song;

d. For an injunction, declaration, or other mandate that provides for Plaintiffs to receive the publishing percentages they are entitled to as “writers” on the Song;

e. For an injunction, declaration, or other mandate that provides for Defendants to direct any and all third-parties whom they control to properly credit Plaintiffs;

f. For a full and proper accounting of any and all monies earned by the Song;

g. For any prescribed statutory damages;

h. For attorney’s fees;

i. For the costs of this action; and

j. For any other and further legal and equitable relief this Court deems just and proper.

DATED this 21st day of September 2026.

**THE WILLIAMS LAW GROUP**

/s/ Andrew Williams, Esq.

BY: ANDREW WILLIAMS, ESQ.
*Attorney for Plaintiffs*
9600 S. Dixie Hwy, Suite 1311
Miami, FL 33156
Telephone: (305) 916-1122
E-Service: Andrew@TheWilliamsLG.com

**DEMAND FOR JURY TRIAL**

Plaintiffs hereby demand a trial by jury for all issues so triable.

DATED this 21st day of September 2026.

**THE WILLIAMS LAW GROUP**

/s/ Andrew Williams, Esq.

**<u>RESERVATION OF RIGHTS</u>**

Plaintiffs reserve the right to further amend this Complaint, upon completion of their investigation and discovery, to assert any additional claims for relief against Defendants, including DOES, or any other parties as may be warranted under the circumstances and as allowed by law. Plaintiffs further reserve the right to seek and have punitive damages assessed against the DEFENDANTS.

DATED this 21st day of September 2026.

**THE WILLIAMS LAW GROUP**

/s/ Andrew Williams, Esq.